USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSE PENA, | |
|                 Petitioner, | |
|   - against - | |
| | **24 Civ. 1266 (VM)** |
| UNITED STATES OF AMERICA, | **09 Cr. 341 (VM)** |
|                 Respondent. | **DECISION AND ORDER** |

**VICTOR MARRERO, United States District Judge.**

Before the Court is *pro se* Petitioner Jose Peña's ("Peña") Notice of Appeal (see Dkt. No. 12) as to the Court's denials of his (1) Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 ("Section 2255 Motion," Dkt. No. 3) and Motion for the Appointment of Counsel (see Dkt. No. 9), and (2) Motion for Reconsideration of the previously mentioned denials (see Dkt. No. 11).[1] Because Peña advances the same arguments in his Section 2255 Motion that the Second Circuit considered and rejected in United States v. Pena, 58 F.4th 613 (2d Cir. 2023), cert. denied, 144 S.

---

[1] The Section 2255 Motion, Motion for the Appointment of Counsel, Motion for Reconsideration, and Notice of Appeal were filed both in this civil matter (No. 24 Civ. 1266) and in the underlying criminal case (No. 09 Cr. 341). This Order references the docket entries in the civil matter. In the criminal matter, the Section 2255 Motion is filed at Docket No. 477, the Motion for the Appointment of Counsel is filed at Docket No. 478, the Court's denial of the foregoing is filed at Docket No. 480, the Motion for Reconsideration is filed at Docket No. 481, the Court's denial of that Motion is filed at Docket No. 483, and the Notice of Appeal is filed at Docket No. 484.

1

Ct. 147 (2023), the Court declines to issue a certificate of appealability.

## I.   PROCEDURAL HISTORY[2]

In October 2013, Peña was convicted on Counts Four through Eight of an eight-count indictment for conspiracy to commit murder for hire (Count Four), murder for hire (Counts Five and Six), and using a firearm to commit murder in relation to the conspiracy charge as a crime of violence (Counts Seven and Eight), in violation of 18 U.S.C. §§ 2, 924(j), and 1958. See Pena, 58 F.4th at 615-16. In December 2014, Peña was sentenced to concurrent life sentences. See id. at 616-17. The Second Circuit affirmed the conviction in 2016. See id. at 616.

Based on the Supreme Court's decision in United States v. Davis, 588 U.S. 445 (2019), in 2020 Peña filed a Section 2255 motion to vacate his convictions on Counts Seven and Eight. See id. at 617. This Court granted the Section 2255 motion and entered an amended judgment (the "Amended Judgment"), but did not conduct a full resentencing. See id.

Peña moved for reconsideration of the Amended Judgment, arguing that this Court was required to resentence *de novo* and that declining to do so was error because the Court failed

---

[2] See Decision and Order denying Peña's Section 2255 Motion, Dkt. No. 9, for a full procedural history.

2

to instruct the jury that it must determine whether death resulted from the murder-for-hire conspiracy. See id. Without a finding of death, Peña argued, the 18 U.S.C. § 1958 convictions under Counts Four through Six did not carry life sentences. See id. at 617-18. In January 2023, The Second Circuit affirmed the Amended Judgment, holding that *de novo* resentencing was not mandatory under Section 2255 and that this Court did not abuse its discretion in declining to resentence Peña because "[t]here is overwhelming evidence that the jury would have found that death was the result of the conduct alleged in Counts Four, Five, and Six had it received proper instructions." Id. at 622; see id. at 618-23.

In 2024, Peña challenged the Amended Judgment with the instant Section 2255 Motion, which the Court denied because the grounds on which he sought relief were either foreclosed by the Second Circuit's affirmance of the Amended Judgement or the mandatory minimum sentence on Counts Four, Five, and Six. (See Dkt. No. 9, at 8-10.) Peña moved for reconsideration of the denial, which the Court also denied because "Peña in large part has merely repeated arguments already considered and rejected by the Court." (Dkt. No. 11, at 2.) For the same reasons, the Court declines to issue a certificate of appealability.

## II. **DISCUSSION**

In a proceeding under 28 U.S.C. § 2255, a district court may issue a certificate of appealability as to a final order "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 328 (2003).

When a petitioner raises the same arguments in a Section 2255 motion that he raised and were rejected on direct appeal, however, the Court must deny the motion and can decline to issue a certificate of appealability. See Kergil v. United States, No. 12 CR. 152, 2019 WL 3940621, at *2, 18 (S.D.N.Y. Aug. 1, 2019) (denying Section 2255 motion and declining to issue a certificate of appealability because many of petitioner's "claims were previously raised on direct appeal" and the Second Circuit "declined to grant relief on any of those grounds").

Here, Peña has made no "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), because he has not shown that "jurists of reason could disagree" with

4

the District Court's denial of his Section 2255 Motion, Cockrell, 537 U.S. at 328, as the Second Circuit considered and rejected the same arguments Peña advances here when affirming the Amended Judgment. In its Order denying the Section 2255 Motion (see Dkt. No. 9), the Court discussed at length why the Second Circuit's holdings in Pena, 58 F.4th 613, foreclose Peña's arguments for relief, but it will briefly recite its findings here.

First, Peña argues that he should have been resentenced on Counts Four, Five, and Six following the vacatur of his convictions on Counts Seven and Eight. (See Dkt. No. 3, at 5.) But the Second Circuit found that this Court was not required to resentence and did not abuse its discretion in declining to do so given that Peña would have still received a life sentence even if the jury received proper instructions. See Pena, 58 F.4th at 620-23. Second, Peña's ineffective assistance of counsel argument (see Dkt. No. 3, at 6) was also foreclosed by the Second Circuit's holding that the improper jury instructions were harmless error. See Pena, 58 F.4th at 620-23. Third, Peña's argument that the Presentence Report ("PSR") violates Federal Rule of Criminal Procedure 32 because the Court was required to resentence and thus Probation was required to submit a new PSR (see Dkt. No. 3, at 8) is without merit. The Court declined to resentence Peña

5

and the Second Circuit affirmed that decision. See Pena, 58 F.4th at 623. Finally, Peña's arguments that his sentences on Counts Four, Five, and Six do not comport with the law and are unreasonable (see Dkt. No. 3, at 9) are meritless because life imprisonment constituted the mandatory minimum sentence on each of those counts. See 18 U.S.C. § 1958(a).

Therefore, because the grounds Peña advances in his Section 2255 Motion were rejected or foreclosed by the Second Circuit when affirming the Amended Judgment, this Court finds that Peña has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and declines to issue a certificate of appealability.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the certificate of appealability is hereby **DENIED** (see Dkt. No. 12); and it is further

**ORDERED** that the Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jose Peña, Register No. 90703-054, USP Coleman I, U.S. Penitentiary, P.O. Box 1033, Coleman, FL 33521.

**SO ORDERED.**

Dated:     20 December 2024
           New York, New York

_____
Victor Marrero
U.S.D.J.